# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| State Bar of Nevada, | Case No. 2:22-cv-01014-RFB-DJA |
| Plaintiff, | |
| v. | **Order**<br>**&**<br>**Report and Recommendation** |
| Edward Clint Allen, | |
| Defendant. | |

Under 28 U.S.C. § 1915 Defendant is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 2). Instead of a complaint, Defendant moves to remove this action from state court, asserting that the Plaintiff State Bar of Nevada (the "Bar") brings federal claims. (ECF No. 2-2). Because the Court finds that Defendant's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Defendant has not asserted that the Court has jurisdiction over this matter, it recommends granting the Bar's motion to remand and denying Defendant's motion to dismiss as moot. Defendant has also moved to file electronically, which motion the Court grants.

**I.   *In Forma Pauperis* Application**

Defendant filed the affidavit required by § 1915(a). (ECF No. 2). Defendant has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Defendant's action.

**II.   Screening Standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). In cases where a party has sought to remove an action and to proceed *in forma pauperis*, courts in this circuit have considered whether they have subject matter jurisdiction at the screening stage. *See Hyde-Rhodes v. Welker*, No. 4:20-cv-00598-BLW, 2021

WL 6772988 (D. Idaho Jan. 11, 2021); *see Archer v. California*, No. 2:07-mc-0134-LEW-CMK, 2008 WL 943120 (E.D. Cal. Apr. 7, 2008).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

## II.  Discussion.

### A.  *The Court recommends remanding Defendant's case.*

#### 1.  <u>The parties' arguments.</u>

The Bar's complaint includes only one cause of action: a request for injunctive relief under NRS 7.285.  (ECF No. 2-2 at 24).  That statute prohibits anyone who is not an active member of the State Bar of Nevada from practicing law in the state.  (*Id.*).  The Bar alleges that Defendant violated this statute by practicing law without being an active member of the Bar.  (*Id.*).

Defendant's petition for removal asserts that the Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331.  (ECF No. 2-2 at 1).  He argues that, by bringing the action against him, the Bar has violated his First Amendment right to freedom of speech, Fifth Amendment due process rights, Fourteenth Amendment equal protection and due process rights, and his rights under the Online Freedom of Speech Act.  (*Id.* at 3).  He adds that the Bar based its allegations on complaints it received through "interstate wire," "interstate telecom," and through its website.  (*Id.*).

The Bar moves to remand, arguing that the Court lacks federal question jurisdiction because the Bar's claims are based entirely on Nevada law.  (ECF No. 13 at 5).  Defendant responds and primarily argues that the complaints on which the Bar bases its allegations are hearsay and not evidence.  (ECF No. 15).  Defendant adds that the Bar was six days late in seeking to remand.  (*Id.* at 4).  The Bar replies that Defendant's arguments about the veracity of the complaints the Bar received has no bearing on jurisdiction.  (ECF No. 16).  And regarding Defendant's six-days-late argument, the Bar explains that motions to remand based on lack of subject matter jurisdiction may be filed at any time before final judgment.  (*Id.* at 3).

2.   <u>Analysis.</u>

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[O]riginal jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan v. First Affiliate Securities, Inc.*, 813 F.2d 1368, 1371-72 (9th Cir. 1987). "The plaintiff is 'master to decide what law he will rely upon…'" *Id.* (quoting *The Fair v. Kohler Die & Specialty Co.*, 22 U.S. 22, 25 (1913)).

While a plaintiff cannot defeat removal by masking or "artfully pleading" a federal claim as a state claim, the plaintiff may ignore the federal question and assert only a state law claim and defeat removal. *See id.* Under the "artful pleading" doctrine, "[i]f the only remedy available to plaintiff is federal, because of preemption or otherwise, and the state court necessarily must look to federal law in passing on the claim, the case is removable regardless of what is in the pleading." *Id.* (quoting 14A C. Wright, A. Miller & E. cooper, *Federal Practice & Procedure*

§ 3722, at 268-75 (2d ed. 1985)). "The 'artful pleading' doctrine is a narrow exception to the straightforward rules of removal jurisdiction, which we will apply only if 'the particular conduct complained of [is] governed exclusively by federal law.'" *Id.* (quoting *Hunter v. United Van Lines*, 746 F.2d 635, 640 (9th Cir. 1984)). The Ninth Circuit explained that the doctrine should only be invoked "in exceptional circumstances." *Id.*

Additionally, there is a "presumption against federal preemption unless the state attempts to regulate an area in which there is a history of significant federal regulation." *Gadda v. Ashcroft*, 377 F.3d 934, 944 (9th Cir. 2004). Attorney discipline is not such an area. *Id.* "The Supreme Court of the United States has long recognized that the several states have an important interest in regulating the conduct of the attorneys whom they license." *Id.* (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982)).

Here, the Court lacks jurisdiction to hear this case because it does not arise under federal law. Defendant has neither shown that the removal is proper nor overcome the strong presumption against removal jurisdiction. Because the Court doubts that Defendant had the right to remove this case in the first instance, it must recommend rejecting federal jurisdiction. This is true even though the Bar moved thirty-six days after Defendant removed the case because the statute governing procedure after removal mandates that the Court remand cases over which it lacks subject matter jurisdiction at "any time before final judgment." 28 U.S.C. § 1447.

Under the well-pleaded complaint rule, no federal question is presented on the face of the Bar's complaint. The Bar presents only one cause of action arising under Nevada law. And while Defendant asserts that the Bar's cause of action is improper and violates his constitutional rights, those are Defendant's claims, not the Bar's. Even if Defendant raised these alleged constitutional violations as a defense, they would still not lend the Court jurisdiction over the matter. The Bar has sued entirely under Nevada law.

The Court is also unpersuaded by Defendant's arguments that the Bar has "artfully pleaded" a federal claim as a state claim. The remedy the Bar seeks is not federal. Instead, the Bar asks the state court to issue an injunction "prohibiting Defendant from continuing in the unauthorized practice of law." (ECF No. 2-2 at 25). But this is not an exceptional circumstance

where the conduct is governed exclusively by federal law.  To the contrary, regulating the conduct of the attorneys it licenses—and prohibiting the practice of law by those it does not—is the purview of state courts.

For that reason, preemption also does not apply to give this Court jurisdiction.  Attorney discipline is not an area where there is a history of significant federal regulation.  Again, the Supreme Court has recognized that the states have an important interest in regulating the conduct of the attorneys whom they license.  The Court thus recommends granting the Bar's motion to remand.

### B.    *The Court grants Defendant's motion to file electronically.*

Defendant moves to file documents electronically.  (ECF No. 5).  Under Local Rule IC 2-1(b), a *pro se* litigant may request the court's authorization to register as a filer in a specific case.  Defendant appears to have access to a word processing program, explains that he has an existing PACER account, and has access to the Local Rules.  (*Id.* at 1).  Because the Court finds that Defendant is capable of filing electronically, it grants his motion.

### C.    *The Court recommends denying Defendant's motion to dismiss.*

Because the Court is recommending granting the Bar's motion to remand, it also recommends that Defendant's motion to dismiss be denied as moot.

### ORDER

**IT IS THEREFORE ORDERED** that Defendant's application to proceed *in forma pauperis* (ECF No. 2) is **granted.**  Defendant shall not be required to pre-pay the filing fee.  Defendant is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Defendant's motion to file electronically (ECF No. 5) is **granted.**

**IT IS FURTHER ORDERED that** Defendant must comply with the following procedures to activate a CM/ECF account:

1. Defendant must become familiar with the Electronic Filing procedures and events menus and obtain a CM/ECF login and password from the District of Nevada by submitting a completed registration form. Links to these items are available at https://www.nvd.uscourts.gov/e-filing-permission/.

2. Defendant must read and comply with the guidelines available at https://www.nvd.uscourts.gov/e-filing-permission/

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's motion to dismiss (ECF No. 7) be **denied as moot.**

**IT IS FURTHER RECOMMENDED** that the Bar's motion to remand (ECF No. 13) be **granted,** and this action **dismissed** for lack of jurisdiction.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 11, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE